IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIARA WILLIAMSON,

        Plaintiff,

      v.

33 REALTY MANAGEMENT

        Defendant.

CIVIL ACTION FILE NO.

1:18-CV-00318-AT-JFK

## ORDER AND FINAL REPORT AND RECOMMENDATION

Pending before the Court is the February 23, 2018, order [Doc. 3] that Plaintiff Ciara Williamson show cause for failing to either file an amended complaint which complies with Fed. R. Civ. P. 8 and 10 against Defendant 33 Realty Management or, if not intending to file a cause of action in this court but to remove a pending state dispossessory proceeding, file a notice of removal as directed in the court's January 25, 2018, order [Doc. 2]. Plaintiff has responded to the show cause order and moves to consolidate this case with a second cause of action, 33 Realty Management v. Ciara Williams, 1:18-cv-946-AT, filed on March 2, 2018.[1] [Doc. 4]. For the following

_____

[1]The court notes that Ciara Williamson's name in the removal action was mistakenly spelled on the docket as "Williams" although the paperwork accompanying the notice of removal specified "Williamson." [Id., Doc. 1]. The court will provide the citation to the removal proceeding as 1:18-cv-946 when referencing docket entries in that case. Docket entries in this proceeding will not be proceeded by the instant case number.

reasons, the court finds that Plaintiff satisfied the show cause order; however, the court **DENIES** Plaintiff's motion to consolidate and **RECOMMENDS** dismissal of the instant cause of action.  And, for the purposes of dismissal, **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  [Doc. 1].

As the court previously explained, the pleading [Doc. 1-1] filed by Plaintiff Williamson in the instant case is a confusing jumble of statutory citations and seeks a mixture of relief not available based on the current pleading.  In part, Plaintiff Williamson appeared to be attempting removal of a dispossessory proceeding pending the Magistrate Court of Fulton County, Georgia.  Section 1446(d) of Title 28, part of the federal statutory removal provisions, provides for notice to adverse parties and the state court when a "notice of removal" of a state court civil action is filed in federal district court by a defendant to that action.  The court advised Plaintiff that the provision requires the filing of the notice of removal with the clerk of the state court. In the "complaint" filed by Plaintiff, she stated that she "petitions this court for removal of action of an eviction and a possible writ that was filed by the plaintiff whom is the landlord. . . .  I petition this court for removal of action."  [Doc. 1-1]. Noting that this request appears to be an attempt to remove a dispossessory proceeding from the magistrate court based on additional references in the pleading to proceedings

2

apparently pending in another court [Id.], the court advised Plaintiff Williamson that she does not have a right of removal [Doc. 2 (citing 28 U.S.C. § 1441(a)].

And the court instructed Plaintiff that the federal removal statute provides the procedure that must be followed to remove from the Magistrate Court of Fulton County any pending dispossessory action.  The removal, by a defendant in the pending state court action, must be based on either diversity of citizenship or federal question jurisdiction that appears on the face of the complaint (dispossessory proceeding) originating the state court action.  See 28 U.S.C. § 1441; and see Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003); Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987); SBS 276, LLC v. Walker, 2013 WL 3784988, at *2 (N.D. Ga. July 17, 2013).  [Doc. 2].  The procedures governing removal are specific and are found in 28 U.S.C. § 1446.  A notice of removal "containing a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), is to be filed by a defendant in the state court action, generally within thirty days of receipt of the summons, id. § 1446(b), *and* with the notice of removal, "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" is to be filed, id. § 1441(a).  [Doc. 2].

Because the pleading filed by Plaintiff was not a notice of removal as the filing did not comport with §§ 1441 and 1446, the court directed that if Plaintiff Williamson

wanted to remove any pending litigation in which she is named as a defendant from state court, she must comply with the federal statutory provisions by filing a notice of removal which includes all of the pleadings filed to date in that state court action and then provide proper notice of the removal to the adverse parties in the state court action and to the court in which that proceeding is pending.  For these reasons, if seeking to remove a pending dispossessory proceeding, using case number 1:18-cv-318, Plaintiff Williamson was ordered, pursuant to 28 U.S.C. §§ 1441 and 1446, to file a notice of removal along with all of the processes, paperwork and other filings from any dispossessory proceeding in the Magistrate Court of Fulton County or any other court in the State of Georgia.  [Doc. 2].[2]  When Plaintiff did not do so, the show cause order was issued.  [Doc. 3].

Shortly thereafter, on March 2, 2018, Plaintiff filed a notice of removal, seeking *in forma pauperis* status, which did not include - as ordered - the case number in the instant litigation.  See 33 Realty Management, 1:18-cv-946, Doc. 1.  Accordingly, the docketing clerk opened a new removal cause of action which was referred to the

---

[2]In the alternative, if seeking to bring new causes of action against Defendant 33 Realty Management, Plaintiff was instructed regarding the requirements of pleading a cause of action pursuant to Fed. R. Civ. P. 8 and 10(a) and was ordered to file an amended complaint because the pleading filed by Plaintiff did not state a plausible claim upon which relief could be granted.  [Id.].

4

undersigned.  On March 5, 2018, for the reasons stated therein and finding that the court lacked subject matter jurisdiction, the court recommended that the case be remanded to the Magistrate Court of Fulton County. [1:18-cv-946, Doc. 3].  On March 9, 2018, the District Judge adopted the report and recommendation and ordered that the proceeding be remanded to the magistrate court, and the clerk closed the litigation. [Id., Docs. 5, 6].  For this reason, there is no other pending litigation to be consolidated with the instant proceeding.

Additionally, even if Plaintiff had followed this court's order to file the notice of removal notice in case number 1:18-cv-318, the undersigned would have recommended dismissal for lack of subject matter jurisdiction for the same reasons stated in the removal proceeding, 1:18-cv-946, Doc. 3, and in the court's January 25, 2018, order in this case [Doc. 2].  Plaintiff's removal of the Fulton County Magistrate Court dispossessory proceeding would have been remanded if filed in the instant action.  And Plaintiff's request to consolidate the proceedings further indicates that Plaintiff does not intend to file a new civil action in this court, as a plaintiff, against 33 Realty Management, as a defendant.  [Doc. 2].  Even if Plaintiff intends to do so, as explained in the court's previous order [Doc. 2], the pleading filed by Plaintiff in this action [Doc. 1-1] does not state a plausible claim upon which relief can be granted

5

against Defendant 33 Realty Management.  Plaintiff has not complied with the court's order to file an amended complaint correcting the noted deficiencies.  The court **RECOMMENDS** dismissal of the pending complaint.

Plaintiff's motion [Doc. 1] to proceed *in forma pauperis* is **GRANTED**.  The court finds that Plaintiff satisfied the show cause order.  [Doc. 3].  And for the reasons stated, the court **DENIES** Plaintiff's motion [Doc. 4] to consolidate.

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED THIS** 13th day of March, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

6